# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| v. | : | |
| ANTHONY EDWARD REX, | : | |
| Defendant. | : | NO. CR203-019 |

### O R D E R

Defendant, Anthony Edward Rex, pled guilty to one count of possession of child pornography and was sentenced to fifty-One (51) months imprisonment to be followed by three years supervised release. Defendant's supervised release commenced on May 11, 2006. On June 16, 2006, the probation office filed a petition with the Court requesting a revocation hearing and seeking to terminate Defendant's supervised release. Presently before the Court is Defendant's motion to suppress his statements and all evidence derived as a result of the statements which form the bases of the probation officer's

AO 72A
(Rev. 8/82)



petition for revocation. Having conducted an evidentiary hearing on the matter on August 7, 2006, Defendant's motion to suppress will be **GRANTED**.

## FACTS

Upon his release from incarceration, Defendant and his wife met with the probation officer as required by the terms of his supervised release. Defendant was advised by the probation officer that a new condition of supervised release for sexual offenders was participation in a sex offender treatment program.

The probation officer presented Defendant with a written consent and/or waiver form with respect to the sentence modification. The probation officer read the waiver form out loud to Defendant. Before signing the form, Defendant asked the probation officer what would happen if he refused to sign it at that time. The probation officer told Defendant that there would be a hearing before the Court and Defendant would "likely" be required to sign it at that time. Relying on the probation officer's statement, Defendant signed the waiver form, believing that refusal was futile.

During participation in the treatment program, Defendant was required to take a polygraph examination. At a follow-up interview, Defendant's counselor told him that the polygraph results indicated deception in his responses. He was further advised that he needed to be forthright in his responses because continued deceptive polygraph results could result in referral back to the probation officer. Defendant told the counselor that his responses had been forthright but he was apprehensive during the examination because his son's firearms were at his residence and a condition of his release prohibited him from possessing a firearm.

Having been advised by the counselor of Defendant's statement, the probation officer went to Defendant's residence. When questioned by the probation officer, Defendant denied having any firearms at his residence. Despite Defendant's repeated denials, the probation officer retrieved two rifles from the Defendant's residence. The probation officer subsequently petitioned the Court to issue a warrant and recommended the term of supervised release be revoked.

AO 72A
(Rev. 8/82)

**DISCUSSION**

I.   <u>**Sixth Amendment Right to Counsel**</u>

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel at all "critical stages" of a criminal prosecution. <u>United States v. Grimes</u>, 142 F.3d 1342, 1348 (11th Cir.), <u>reh'g</u> and <u>reh'g en banc denied</u>, 157 F.3d 908 (1998), <u>cert. denied</u>, 525 U.S. 1088, 119 S.Ct. 840, 142 L.Ed.2d 695 (1999) (citing <u>Michigan v. Jackson</u>, 475 U.S. 625, 629-30, 106 S.Ct. 1404, 1407-08, 89 L.Ed.2d 631 (1986)). This right extends to the sentencing hearing, which has been called a 'critical stage' of the criminal proceeding. <u>United States v. Ruiz-Rodriguez</u>, 277 F.3d 1281, 1291 n.13 (11th Cir. 2002). The presence of counsel is essential to guide the sentencing court in the exercise of its power and discretion, and to protect the rights and interests of the defendant. <u>Golden v. Newsome</u>, 755 F.2d 1478, 1483 n.9 (11th Cir. 1985). The absence of counsel is, therefore, legally presumed to be prejudicial if the sentencing court had the legal authority to impose a more lenient sentence than it actually did. <u>Id.</u> In the instant case, the Court had discretion as to whether to condition Defendant's release on participation in the sex offender treatment program.

AO 72A
(Rev. 8/82)

While an individual may waive the Sixth Amendment right to counsel, "federal courts should refrain from casually finding waiver of vital federal constitutional guarantees, such as the right to counsel . . . ." Stokes v. Singletary, 952 F.2d 1567, 1577 (11th Cir. 1992) (quoting United States v. Garcia, 517 F.2d 272, 277 (5th Cir. 1975)). The standard to be applied in determining the question of waiver under federal constitutional law is that the government must prove an intentional relinquishment or abandonment of a known right or privilege. United States v. Hernandez, 574 F.2d 1362, 1370 (11th Cir. 1978) (citations and punctuation omitted).

The Court concludes that Defendant did not knowingly and voluntarily relinquish or abandon his right to a hearing and the assistance of counsel before imposition of the sentence modification by signing the written consent and/or waiver form. There is no evidence in the record, either on the waiver form itself or in the testimony offered at the hearing, that Defendant was advised of either the nature of the sex offender treatment program or of his right to seek the advice of counsel before signing the waiver form. To the contrary, Defendant's credible and undisputed testimony indicates that Defendant inquired as to the consequences if he did not immediately sign

AO 72A
(Rev. 8/82)

the waiver form and was advised by the probation officer that failure to sign the form would result in a hearing before the Court and that Defendant would "likely" be required to ultimately sign it. In light of this "advice," and Defendant's testimony that it was his belief that refusal to sign the waiver was futile, Defendant could not have intentionally "relinquished or abandoned" his right to a hearing and the assistance of counsel.

## II. Harmless Error

The Court further concludes that the resulting error was not harmless. "The standard for harmlessness in this context is 'whether the error had substantial and injurious effect or influence in determining' the sentence." See Schwab v. Crosby, 451 F.3d 1308, 1330 (11th Cir. 2006) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 1721-22, 123 L.Ed.2d 353 (1993)). It is clear that Defendant's incriminating statements to his counselor would not have occurred were it not for the violation of his constitutional rights. It was during questioning following the polygraph examination, which was administered as part of the sex offender treatment program, that Defendant told his counselor about the

firearms. Further, the statements were offered as an explanation for alleged deceptive response results only after Defendant was advised that continued deceptive responses could result in referral back to the probation officer.

III.     **Exclusionary Rule**

Under the exclusionary rule, evidence obtained in violation of the Constitution, including both direct products of misconduct and evidence derived from the illegal conduct, or "fruit of the poisonous tree," cannot be used in a criminal proceeding against the victim of the illegal conduct. See United States v. Perkins, 348 F.3d 965, 969 (11th Cir. 2003) (citing United States v. Terzado-Madruga, 897 F.2d 1099, 1112 (11th Cir. 1990)). According to the Petition for Warrant, the probation officer's sole source of the information that Defendant was in possession of two firearms was Defendant's sex offender treatment program counselor. The Government has offered no evidence indicating that this information may have been derived from some other source. Thus, the Court concludes that the retrieved firearms were derived from the deprivation of Defendant's right to a hearing and the assistance of counsel before imposition of the sentence modification.

AO 72A
(Rev. 8/82)

**CONCLUSION**

The Court has fully considered the positions of all parties to this action. For the reasons set forth above, Defendant's motion to suppress (Doc. No. 31) will be **GRANTED**.

**SO ORDERED**, this 9th day of August, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA